FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 1 2 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOYCELYN BRANTLEY, Individually and**                                    **PLAINTIFF**
**On Behalf of All Others Similarly Situated**

vs.                                          No. 4:20-cv-*502-LPR*

**BILLY RANDALL MACHEN DDS, PA,**                                          **DEFENDANTS**
**and BILLY RANDALL MACHEN**          This case assigned to District Judge _____
                                     and to Magistrate Judge _____

**ORIGINAL COMPLAINT—COLLECTIVE ACTION**

COMES NOW Plaintiff Joycelyn Brantley ("Plaintiff"), individually and on behalf of

all others similarly situated, by and through her attorneys Tess Bradford and Josh Sanford

of the Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action against

Defendants Billy Randall Machen DDS, PA, and Billy Randall Machen (collectively

"Defendant" or "Defendants"), she does hereby state and allege as follows:

## I.    PRELIMINARY STATEMENTS

1.    Plaintiff, individually and on behalf of all other similarly situated employees,

brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"),

and the Arkansas Minimum Wage Act, Ark. Code Ann. §11-4-201, *et seq*. ("AMWA"), for

declaratory judgment, monetary damages, liquidated damages, prejudgment interest,

and costs, including a reasonable attorney's fee, as a result of Defendant's failure to pay

Plaintiff and all others similarly situated a lawful minimum wage and an overtime premium

as required by the FLSA and the AMWA.

2.    Upon information and belief, for at least three (3) years prior to the filing of

this Complaint, Defendant has willfully and intentionally committed violations of the FLSA

as described, *infra.*

## II.    JURISDICTION AND VENUE

3.    The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.    This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.    Defendant owns and operates a dental office in Little Rock.

6.    The acts complained of herein were committed and had their principal effect against Plaintiff within the Central Division of the Eastern District of Arkansas. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

7.    Plaintiff is a citizen and resident of Saline County.

8.    Defendant Billy Randall Machen DDS, PA ("Machen DDS"), is a domestic, for-profit corporation.

9.    Defendant's registered agent for service is Billy Randall Machen, at 4220 North Rodney Parham Road, Suite 200, Little Rock, Arkansas 72212.

10.    Defendant Billy Randall Machen ("Machen") is an individual who resides in Pulaski County.

11.    Defendant also does business as Dental Care Associates; Donald D. Cobb, Jr., DDS, PA; and Little Rock Family Dental Care.

12.     Defendant maintains a website at https://www.lrfamilydentalcare.com/.

## IV.    FACTUAL ALLEGATIONS

13.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

14.     Machen is the owner, principal, officer and/or director of Machen DDS.

15.     Machen manages and controls the day-to-day operations of Machen DDS, including but not limited to the decision to not pay Plaintiff for all hours worked.

16.     Defendant owns and operates a dental practice.

17.     Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

18.     During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as dental equipment.

19.     Defendant was Plaintiff's employer and the employer of the proposed collective within the meaning of the FLSA, 29 U.S.C. § 203(d) at all times relevant to this lawsuit.

20.     Plaintiff was employed by Defendant to work at one of its dental offices during the time period relevant to this lawsuit.

21.     Plaintiff worked for Defendant during the three years preceding the filing of this Complaint.

22.    At all times material hereto, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA.

23.    At all relevant times, Defendant directly hired Plaintiff and similarly situated employees to work for its dental business, paid them wages, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

24.    Plaintiff was employed by Defendant as an hourly-paid dental assistant from around March of 2019 until April of 2020.

25.    Defendant classified Plaintiff and similarly situated employees as hourly, non-exempt employees.

26.    Plaintiff and similarly situated employees regularly worked in excess of forty (40) hours per week.

27.    Defendant instructed Plaintiff and similarly situated employees to clock out once they reached forty hours each week.

28.    However, Plaintiff would sometimes reach forty hours in the middle of a procedure or cleaning and would have to finish that procedure and subsequent paperwork before she was able to clock out.

29.    Plaintiff and similarly situated employees would not be paid for hours worked over forty in a week.

30.    Defendant regularly told Plaintiff and similarly situated employees that it does not pay for overtime.

31.    Defendant did not pay Plaintiff and similarly situated employees an overtime premium of one and one half (1.5) times their regular hourly rate for all hours worked in

excess of forty (40) per week.

32.     Defendant regularly required Plaintiff to work hours which went unrecorded and uncompensated.

33.     Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and similarly situated employees violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

34.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

35.     At all relevant times, Plaintiff and all other similarly situated employees have been entitled to the rights, protections and benefits provided by the FLSA.

36.     Plaintiff brings her claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

37.     Plaintiff brings her FLSA claim on behalf of all hourly-paid workers who were employed by Defendant at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     An overtime premium for all hours worked in excess forty (40) in a week;

B.     Liquidated damages; and

C.     Attorneys' fees and costs.

38.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

39.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

**Joycelyn Brantley, et al. v. Billy Randall Machen DDS, PA, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-____**
**Original Complaint—Collective Action**

40.   The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.   They were classified as non-exempt from the overtime requirements of the FSLA and paid an hourly rate;

B.   They were subject to Defendant's common policy of requiring them to clock out at or around forty (40) hours per week;

C.   They were subject to Defendant's common policy of failing to pay an overtime premium for hours worked in excess of forty (40) per week; and

D.   They recorded their time the same way.

41.   Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds forty (40) persons.

42.   Defendant can readily identify the members of the Section 16(b) Collective. The names and physical addresses, email addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

43.   At all relevant times, each member of the FLSA Collective regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

## VI.    FIRST CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

44.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as

though fully set forth herein.

45.     This is a collective action filed on behalf of all hourly-paid workers employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for unpaid overtime wages because they were not paid a rate of one and one half (1.5) times their regular rate for hours worked in excess of forty (40) per week.

46.     Plaintiff brings this action on behalf of herself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

47.     At all relevant times, Plaintiff and all similarly situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

48.     At all relevant times, Plaintiff and all similarly situated employees have been "employees" of Defendant, as defined by 29 U.S.C. § 203(e).

49.     At all relevant times, Defendant was an "employer" of Plaintiff and all other similarly situated employees, as defined by 29 U.S.C. § 203(d).

50.     Defendant failed to pay Plaintiff and all similarly situated employees an overtime premium for hours worked in excess of forty (40) per week.

51.     Because these employees are similarly situated to Plaintiff, and are owed compensation for the same reasons, the proposed collective is properly defined as follows:

**All hourly employees within the past three years.**

52.     At all relevant times, Defendant willfully failed and refused to pay Plaintiff and all other similarly situated employees a proper overtime premium under the FLSA

because Defendant did not pay Plaintiff and other similarly situated employees for all hours worked over forty (40) in a week.

53.     Defendant's violations entitle Plaintiff and all other similarly situated employees to compensatory damages calculated as the full amount of overtime wages owed.

54.     Defendant's violations entitle Plaintiff and all other similarly situated employees to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

55.     Plaintiff and all other similarly situated employees are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VII.     SECOND CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

56.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

57.     At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the FLSA.

58.     At all relevant times, Plaintiff has been an "employee" of Defendant as defined by 29 U.S.C. § 203(e).

59.     At all relevant times, Defendant was an "employer" of Plaintiff as defined by 29 U.S.C. § 203(d).

60.     Defendant failed to pay Plaintiff an overtime premium as required under the FLSA.

61.     At all relevant times, Defendant willfully failed and refused to pay Plaintiff for all hours worked over forty each week.

**Joycelyn Brantley, et al. v. Billy Randall Machen DDS, PA, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-____**
**Original Complaint—Collective Action**

62.     Defendant's violations entitle Plaintiff to compensatory damages calculated as the full amount of overtime wages owed.

63.     Defendant's violations entitle Plaintiff to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

64.     Plaintiff is entitled to an award of attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VIII.   THIRD CLAIM FOR RELIEF
## (Individual Claims for Violation of AMWA)

65.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

66.     At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the AMWA.

67.     At all relevant times, Plaintiff has been an "employee" of Defendant, as defined by Ark. Code Ann. § 11-4-203(3).

68.     At all relevant times, Defendant was an "employer" of Plaintiff as defined by Ark. Code Ann. § 11-4-203(4).

69.     Defendant failed to pay Plaintiff a proper overtime premium as required under the AMWA for all hours worked over forty (40) in a week.

70.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

71.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

72. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the AMWA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described above pursuant to Ark. Code Ann. § 11-4-218.

73. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, he is entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Joycelyn Brantley, individually and on behalf of all others similarly situated, respectfully requests this Court grant the following relief:

A. That each Defendant be summoned to appear and answer herein;

B. That Defendant be required to account to Plaintiff, the collective members and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA, the AMWA and the attendant regulations;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E. Judgment for damages for all unpaid back wages owed to Plaintiff and members of the collective from a period of three (3) years prior to this lawsuit through the date of trial under the FLSA, the AMWA and the attendant regulations;

F. Judgment for liquidated damages pursuant to the FLSA, the AMWA and the attendant regulations;

G. Unpaid wages under Ark. Code Ann. § 11-4-405;

H. An order directing Defendant to pay Plaintiff and members of the collective interest, reasonable attorney's fees and all costs connected with this action; and

I. Such other relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF JOYCEYN BRANTLEY, Individually and on Behalf of All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Tess Bradford
Ark. Bar No. 2017156
tess@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOYCELYN BRANTLEY, Individually and**                                    **PLAINTIFF**
**On Behalf of All Others Similarly Situated**

vs.                                                    No. 4:20-cv-*502-LPR*

**BILLY RANDALL MACHEN DDS, PA,**                                    **DEFENDANTS**
**and BILLY RANDALL MACHEN**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly worker for Billy Randall Machen DDS, PA, within the
past three (3) years. I understand this lawsuit is being brought under the Fair Labor
Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to
be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this
action or adjudication by the Court.

**JOYCELYN BRANTLEY**
May 12, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**